IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAREE SHOOK & DON STEINBURG | § § | PLAINTIFFS |
| V. | § § | Civil No.1:08CV330HSO-JMR |
| WINN-DIXIE MONTGOMERY LEASING, LLC, ET AL. | § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is Plaintiffs' Motion for Partial Summary Judgment, [43-1] on the issue of liability, pursuant to FED. R. CIV. P. 56, filed on August 18, 2009. Defendants have filed a Response and Plaintiffs a Rebuttal. In addition, Defendants filed a Motion for Partial Summary Judgment [55-1] to preclude Plaintiff Steinburg's claims based on his Bankruptcy discharge. Plaintiffs filed a Response and Defendants a Rebuttal. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiffs' Motion on the issue of liability must be denied, as disputed questions of material fact remain for trial. The Court further finds that Defendants' Motion to exclude Steinburg's claims should be granted on grounds of judicial estoppel.

I. FACTS AND PROCEDURAL HISTORY

On or about July 24, 2007, Sharee Shook and Don Steinburg [husband and wife] were entering the Winn Dixie grocery store in Picayune, Mississippi, while Simeon Terrance, a Winn-Dixie summer employee, was pushing several shopping carts across the parking lot, towards the inside of the store. As a matter of

customer courtesy, Terrance stopped to allow Plaintiffs to proceed ahead of him. A bungee cord flung loose from the carts and struck Shook in the back of her head. Plaintiffs filed their Complaint on July 25, 2008. Plaintiff Shook asserts a claim on the basis of respondeat superior; a negligence claim based on Defendants' creating an unreasonably dangerous condition; a claim for failure to train and supervise employees; and a claim based on *res ipsa loquitur*. Plaintiff Shook seeks damages for her personal injuries. Plaintiff Steinburg seeks damages for loss of consortium.

## II. DISCUSSION

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988). The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law

will preclude summary judgment.  *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  *See Booth*, 75 F. Supp. 2d at 543.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The non-movant may not rely on mere denials of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *See Booth,* 75 F. Supp. 2d at 543.

B.  <u>Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability</u>

Plaintiffs move for partial summary judgment on the issue of liability, raising a *res ipsa loquitur* argument.  In support, they rely on Mississippi negligence law governing "dangerous conditions" and the failure to use reasonable care.  Defendants counter that *res ipsa loquitur* is not a proper basis for summary judgment, inasmuch as the doctrine is instead intended to create an inference

which the jury may accept or reject, with or without rebutting evidence from a defendant.

With respect to Plaintiffs' negligence claims, in order to establish a *prima facie* case of general negligence, they must prove the existence of a duty on the part of Defendants to conform to a specific standard of conduct, a breach of that duty, that the breach of duty was the proximate cause of Plaintiffs' injuries, and that Plaintiffs suffered damages as a result. *See Dickey v. Baptist Memorial Hospital-North,* 146 F.3d 262, 265 (5th Cir. 1998).

Unlike negligence and strict liability, *res ipsa loquitur* is not itself a theory of recovery. *See Rogers v. Elk River Safety Belt Co.*, 1996 WL 671316, * 4 (N.D. Miss. 1996).

> Under the doctrine of res ipsa loquitur, negligence can be inferred in certain factual situations. *Powell v. Methodist Health Care-Jackson Hosps.,* 876 So.2d 347, 349 (Miss. 2004)(*citing Winters v. Wright,* 869 So.2d 357, 363 (Miss. 2003)). However, the doctrine should be applied cautiously by the Mississippi courts. *Id.*

*Gray v. BellSouth Telecommunication, Inc.*, 11 So. 3d 1269, 1272 (Miss. Ct. App. 2009).

> Mississippi courts have defined the elements of *res ipsa loquitur* as follows:
>
> 1) the defendant must have control and management of the instrumentality causing the plaintiff's injury,
>
> 2) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care, and
>
> 3) the occurrence must not be due to any voluntary act on the part of the plaintiff.

*Id*. at 1272.

Since *res ipsa loquitur* may raise an inference which the jury can accept or reject, the Court is persuaded it would not be an appropriate basis for summary judgment in this case. Moreover, after review of the record, it is apparent that certain material fact questions remain, including but not limited to whether or not the bungee cord was under the control of Defendants. While Winn-Dixie employee Terrance, as the person moving the carts, was involved, he is not named as a Defendant. Terrance admits through testimony that the carts were joined together by a bungee cord, and that while he was pushing the carts, the cord flung loose and struck Shook in her head.

In addition, there is conflicting testimony regarding Plaintiffs' claims as they relate to negligence on the basis of an unreasonably dangerous condition and on the basis of an alleged failure to train. Examples of conflicting testimony include questions about the number of carts being pushed by Terrance and Winn-Dixie's policy with respect to the use of bungee cords on shopping carts. There is conflicting evidence regarding whether Terrance had previously been injured by a bungee cord, and whether he reported the incident to his supervisor Phyllis Smith, hence potentially placing Winn-Dixie on notice of a dangerous condition.

In short, there is conflicting evidence before the Court which raises disputed questions of material fact on the question of liability. As such this issue is proper for jury resolution, and summary judgment should be denied.

B. <u>Defendants' Motion for Partial Summary Judgment</u>

Defendants move for partial summary judgment to preclude Steinburg's loss of consortium claim based on his previously filing for and obtaining a discharge under Chapter 7 of the Bankruptcy Code. Plaintiffs' Complaint in this case was filed on July 25, 2008, for claims which arose in 2007. Plaintiff Steinburg subsequently filed a Chapter 7 Petition on December 31, 2008. *See* Vol. Petition for Bankruptcy att. as Ex. "C" to Defs.' Mot. for Summ. J.

Defendants argue that while Steinburg's loss of consortium claim is listed as an asset of the bankruptcy estate on the Amended Response to Defendants' Interrogatories in this case, none of the schedules he submitted as part of his bankruptcy ever identified this claim as an asset of the estate. *See* Am. Resp. to Defs.' Interrogs. att. as Ex. "B" to Def.'s Mot. for Summ. J.; Bankruptcy Schedules att. as Ex. "D" to Defs.' Mot. for Summ. J.; Bankruptcy Statement of Financial Affairs att. as Ex. "E" to Defs.' Mot. for Summ. J. On April 29, 2009, the Bankruptcy Court entered a Discharge Order / Final Judgment in Plaintiff Steinburg's case. The Order does not mention Steinburg's claim in this matter. Defendants now advance a judicial estoppel argument to prohibit Steinburg from pursuing this claim. Alternatively, they submit that if the Court deems that Steinburg's disclosures were proper, the bankruptcy trustee has abandoned the claim. *See* Defs.' Mot. for Summ. J. at p. 3. Plaintiffs argue that the omission of this loss of consortium claim was a "clerical error", and not intentional. *See* Pls.' Mem. in Resp. to Defs.' Mot. for Summ. J. at pp. 1-2.

"Because judicial estoppel was raised in the context of a bankruptcy case, involving Coastal's express duty under the Bankruptcy Code to disclose its assets, we apply federal law." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). "Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position'". *Id.* at 205 (*quoting Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir.1988)). "The purpose of the doctrine is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (internal quotation marks, parentheses, and citation omitted). It is important to note that "[b]ecause the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *Id.* (*citing Matter of Cassidy,* 892 F.2d 637, 641 & n.2 (7th Cir. 1990)).

Generally, the policy of judicial estoppel is "applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Id.* at 206 (*quoting Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)). Three requirements for the application of the doctrine of judicial estoppel, as recognized by the Fifth Circuit, are (1) the position of the party against whom estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against whom estoppel is sought convinced a court to accept the prior position; and (3) the party against whom estoppel is sought did not act inadvertently.

*See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (*citing In re Coastal Plains*, 179 F.3d at 206-07)).

The Bankruptcy Code and Rules mandate full disclosure of all assets, liquidated, unliquidated, and contingent. *See id.* at 207-08; *see also* 11 U.S.C. § 521(1)(duties of debtor in bankruptcy proceedings). A "failure to disclose is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (*citing In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)); *see also Kamont v. West*, 258 F. Supp. 2d 495, 500 (S.D. Miss. 2003).

"Judicial estoppel is particularly appropriate where...a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Id.* The Fifth Circuit has stated that "[i]t goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Coastal Plains*, 179 F.3d at 207-08 (*citing* 11 U.S.C. § 521(1)). In fact, the Fifth Circuit has noted that "the importance of this disclosure duty cannot be overemphasized." *Id.* at 208 (*citing Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988) (discussing importance of disclosure to creditors and to bankruptcy court)). The Fifth Circuit has held that, in bankruptcy cases, "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the

debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* at 210 (internal citations omitted).

It cannot be disputed that Mr. Steinburg had knowledge of his loss of consortium claim at the time he filed his Chapter 7 bankruptcy, inasmuch as this lawsuit was clearly filed prior to Plaintiff Steinburg's bankruptcy petition. Nor can it be said that the omission in his bankruptcy schedules qualifies as "inadvertent" as the Fifth Circuit has applied that term. It is clear that Steinburg would receive a windfall if he were able to now recover in this litigation on the nondisclosed claim. Application of judicial estoppel is appropriate on these facts, and summary judgment should therefore be granted on Steinburg's claims.

## III. CONCLUSION

Based upon the present record before it, the Court concludes that there remain material fact questions regarding liability for jury resolution. Plaintiffs' Motion for Partial Summary Judgment must therefore be denied. As for Defendants' Motion to preclude Steinburg's loss of consortium claims, the Court finds that based on the reasoning set forth herein, this Motion should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiffs' Motion for Partial Summary Judgment, filed August 18, 2009, pursuant to FED. R. CIV. P. 56 [43-1], should be and hereby is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendants' Motion for Partial Summary Judgment, filed September 14, 2009,

pursuant to FED. R. CIV. P. 56 [44-1], should be and hereby is **GRANTED.**

Plaintiff Don Steinburg's claims should be and hereby are **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE