# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAREE SHOOK | § | PLAINTIFF |
| | § | |
| V. | § | Civil No.1:08CV330HSO-JMR |
| | § | |
| WINN-DIXIE MONTGOMERY | § | DEFENDANTS |
| LEASING, LLC, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE

BEFORE THE COURT is a Motion in Limine to Exclude Certain Witnesses' Testimony filed by Plaintiff Sharee Shook, on September 14, 2009 [53-1]. Defendants filed an objection to the Motion on September 22, 2009 [68-1]. Plaintiff seeks to exclude the testimony of the following witnesses:

1. Dr. Robert M. Kessler, radiologist;

2. Dr. Elias G. Chalub, neurologist; and

3. Larry S. Stokes, Ph.D., rehabilitation counselor and life care planner.

Plaintiff submits that because these experts failed to perform a Federal Rule of Civil Procedure 35 examination on Plaintiff, pursuant to Fed. R. Evid. 702, the opinions of these experts are unreliable since they are based on "records only" examinations of Plaintiff. Defendants counter that nowhere in Rule 35 is there a prerequisite that an examination must be performed before an expert may offer testimony. Defs.' Resp. to Mot. in Limine, at p. 5.

It is clear from a review of the aforementioned experts' reports that the opinions rendered were based on their review of Plaintiff's medical records and/or

course of treatment.  *See* Dr. Kessler Report, attached as Ex. "C" to Br. in Supp. of Pl.'s Mot. in Limine; Dr. Chalub Report, attached as Ex. "D" to Br. in Supp. of Pl.'s Mot. in Limine.

Having reviewed the Motion, the Response, the pleadings on file, and the relevant legal authorities, the Court finds that the testimony of Drs. Kessler, Chalub, and Stokes is based on sufficient facts and data.  Plaintiff's arguments go to the weight, not the admissibility, of these expert witnesses' testimony.  The Court is therefore of the view that the opinions and testimony of Dr. Robert M. Kessler, Dr. Elias G. Chalub, and Larry S. Stokes, Ph.D., may be relevant and admissible at the trial of this matter.  Accordingly, Plaintiff's Motion must be denied at this time.  Plaintiff may reassert any additional objections, if appropriate, at trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiff's Motion in Limine to Exclude Certain Witnesses' Testimony, filed September 14, 2009 [53-1], should be and hereby is **DENIED AT THIS TIME.**

**SO ORDERED AND ADJUDGED**, this the 11th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE