IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| SHAREE SHOOK | § | PLAINTIFF |
|---|---|---|
| | § | |
| V. | § | Civil No.1:08CV330HSO-JMR |
| | § | |
| WINN-DIXIE MONTGOMERY | § | DEFENDANTS |
| LEASING, LLC, ET AL. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEPOSITION CHANGES BY JAMES W. IRBY, Ph.D.

BEFORE THE COURT is a Motion to Strike Deposition Changes made by Dr. James W. Irby, filed by Plaintiff Sharee Shook on October 29, 2009 [76-1]. Defendants filed a Response to the Motion on November 11, 2009 [79-1], and Plaintiff filed a Rebuttal on November 16, 2009 [80-1].

Plaintiff claims that because Dr. Irby made substantive changes to his deposition, as reflected on his deposition errata sheet, *see* Ex. "3" to Pl.'s Mot. to Strike, without providing reasons for such changes, the errata sheet should be stricken. Plaintiff submits that Dr. Irby's actions are in violation of Fed. R. Civ. P. 30(e). Defendant concedes that certain changes were made by Dr. Irby on the errata sheet. Defendants request that Dr. Irby "be granted some leniency to offer an explanation of his changes." Defs.' Resp. to Motion to Strike, at p. 4.

While the Fifth Circuit has not squarely addressed the scope of Rule 30(e), "it has held in an unpublished opinion that Rule 30(e)'s requirements must be strictly followed." *See Walker v. George Koch Sons, Inc.*, 2008 WL 4371372, 2 (S.D. Miss. 2008)(quoting *Reed v. Hernandez,* 114 Fed. App'x. 609, 611 (5th Cir. Oct. 8,

2004)(affirming lower court's exclusion of errata sheet based on its untimely filing and declining to address whether subject matter of proposed changes was appropriate); *see also Betts v. General Motors Corp.*, 2008 WL 2789524, 1-2 (N.D. Miss. 2008).

Having reviewed the instant Motion, the Response, the Rebuttal, the pleadings on file, and the relevant legal authorities, the Court finds that Dr. Irby should be granted one week to cure the deficiencies contained in his deposition errata sheet. Plaintiff shall then have ten [10] days thereafter within which to re-depose Dr. Irby, should she deem it necessary. Defendants shall bear any costs associated with such a deposition.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiff's Motion to Strike Deposition Changes made by Dr. James W. Irby filed by Plaintiff Sharee Shook, on October 29, 2009 [76-1], should be and hereby is **GRANTED IN PART AND DENIED IN PART.** Within seven [7] days from the date of this Order, Dr. James Irby shall cure his deposition errata sheet. Thereafter, Plaintiff shall have ten [10] days within which to re-depose Dr. Irby if she deems it necessary. Defendants shall bear any and all costs and expenses for such deposition of Dr. Irby.

**SO ORDERED AND ADJUDGED**, this the 11th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE