IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAREE SHOOK | § | PLAINTIFF |
| | § | |
| V. | § | Civil No.1:08CV330HSO-JMR |
| | § | |
| WINN-DIXIE MONTGOMERY | § | DEFENDANTS |
| LEASING, LLC, ET AL. | § | |

**ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION *IN LIMINE***

BEFORE THE COURT is the Motion *in Limine* [84-1] of Plaintiff Sharee Shook filed on December 2, 2009, seeking to exclude certain testimony, evidence, or argument at trial. Defendants have filed a Response [90-1], and Plaintiff a Rebuttal [93-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion *in Limine* should be granted in part and denied in part.

I. DISCUSSION

A. Bankruptcy Filing by Plaintiff

Plaintiff Shook seeks to preclude Defendants from offering any evidence pertaining to her filing bankruptcy in 2005 and Don Steinburg's filing bankruptcy in 2008. Plaintiff submits that under Federal Rule of Evidence 401, such evidence is not relevant to the claims asserted in her Complaint. Alternatively, Plaintiff argues that under the balancing test set forth in Federal Rule of Evidence 403, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

Defendants counter that evidence pertaining to Plaintiff Shook's previous bankruptcy is relevant to show the following: 1) that Plaintiff's claimed inability to manage her personal finances existed prior to the accident; 2) that Plaintiff's claimed financial hardships existed before the accident, which could affect Plaintiff's loss of wages claim; 3) that Plaintiff's claimed difficulties in securing employment as a financial analyst following the accident, could also be affected by her previous personal financial background; 4) that Plaintiff likely could have suffered from stress, anxiety, and depression before the accident due to her personal financial hardships; 5) that information Plaintiff provided as part of her bankruptcy schedules is inconsistent with her deposition testimony and, as such, could be probative of her truthfulness and veracity; 6) that Plaintiff's motive, opportunity, intent, or plan in pursuing this litigation is for the purpose of financial gain. Defendants maintain that these factors weigh in favor of the probative value of this evidence over any potential resulting prejudice to Plaintiff.

The Court is of the view that because Don M. Steinburg is no longer a party to this litigation, Plaintiffs' Motion *in Limine* should be granted as it relates to any evidence of Mr. Steinburg's bankruptcy, except to the extent such evidence may be offered for impeachment, pursuant to Federal Rule of Civil Procedure 26(a)(3). With regard to Plaintiff Shook's bankruptcy, the Court is of the view that the probative value of this evidence outweighs the danger of any prejudice to Plaintiff. Therefore, this portion of the Motion should be denied at this time as to Plaintiff,

with leave to reassert based on the testimony as it develops at trial.

B.   Plaintiff's Contact with Attorneys Following the Accident

Plaintiff submits that evidence of her contacting an attorney is irrelevant to this litigation under the Federal Rules of Evidence. See Pl.'s Mot. at p. 3. Defendants argue that due to the chronological order of events, the timing of Plaintiff's consultation with an attorney is relevant and probative of the issues to be before the jury. See Defs.' Resp. at p. 6. Based on the present record and arguments of counsel, the Court concludes that, at least at this time, such evidence appears to be irrelevant under Rule 401 and potentially unduly prejudicial under Rule 403. The Court will therefore grant this portion of Plaintiff's Motion. The parties, if necessary, may reurge this issue during trial, outside the presence of the jury, if Defendants are able to present more compelling reasons for the allowance of such evidence.

C.   Physician Recommendations by Counsel for Plaintiff

Plaintiff contends that any evidence derived from her conversations with her attorney, including physician referrals, is encompassed by the attorney-client privilege, and is therefore inadmissable pursuant to Rule 502 of the Mississippi Rules of Evidence. Defendants argue that because Plaintiff's medical records and testimony by Plaintiff's treating physicians disclose that attorney Michael Hingle made a referral, confidentiality has been waived.

The Court will reserve ruling on this issue until trial. This portion of

Plaintiffs' Motion *in Limine* will be denied at this time, without prejudice to Plaintiffs' right to reassert at trial.

D.  Receipt of Disability Payments by Plaintiff and Payment of Plaintiff's Medical Bills via Health Insurance Policy

Plaintiff's last two requests raise similar issues. Plaintiff contends that evidence of her receipt of disability payments or payments of her medical bills by health insurance should be excluded as encompassed by the collateral source/benefits rule. Plaintiff supplies no legal authority or argument, but simply asks that these items be excluded. *See* Pl.s' Mem. in Support of Mot. in Limine at p. 5. Defendants counter that Mississippi law does not preclude the introduction of collateral source evidence for impeachment purposes. *See* Defs.' Resp., at p. 9.

Based on the record and the relevant law, the Court concludes that this portion of Plaintiffs' Motion *in Limine* should be granted, except to the extent such evidence may be offered for impeachment, pursuant to Federal Rule of Civil Procedure 26(a)(3).

II. CONCLUSION

After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons stated more fully herein, Plaintiffs' Motion *in Limine* should be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion *in Limine* [84-1], filed on December 2, 2009, should be and hereby is **GRANTED IN PART** and **DENIED IN PART**, as delineated in more detail

herein.

      **SO ORDERED AND ADJUDGED**, this the 12th day of January, 2010.

                            *s/ Halil Suleyman Ozerden*
                            HALIL SULEYMAN OZERDEN
                            UNITED STATES DISTRICT JUDGE